Dear Mayor Jones:
Reference is made to your recent request for an opinion of this office regarding a grant application submitted to the State of Louisiana Division of Administration, Office of Community Development, for a Community Development Block Grant in the amount of $600,000 for fire protection water main and fire hydrant improvements.
According to your letter, the Town of Lecompte desires to improve fire protection by increasing the size of its water lines and installation of fire hydrants where coverage is deficient. The water system serving the Town is owned by Louisiana Water Company (LWC), a privately owned and operated water company. LWC's business plan does not include capital expenditures for fire protection for the Town. As such, you advise that if LWC were to agree to provide capital expenditures for fire protection improvements, the costs would be directly passed on to the customer base of LWC. According to your letter, "[s]uch a cost pass-through would have a devastatingly negative impact on the predominantly low and moderate income households served by the system, which over 86% of the households in town are considered low and moderate income households."
LWC has, however, agreed that it would incorporate into its system and operate any fire protection improvements for which the Town can secure funding. To that end, the Town has submitted its application for a Community Development Block Grant. Under the grant, new fire lines would replace undersized water lines throughout the Town, and fire hydrants would be installed at strategic locations as recommended by the Property Insurance Association of Louisiana and the local fire department. In many areas, the existing water lines would be abandoned and replaced with larger diameter fire lines. Individual water service would be transferred to the fire lines to eliminate the duplication of water lines.
You advise that the Division of Administration is currently reviewing and rating the grant application, and has raised the question as to whether state law allows the grant funds to be used to improve a water system that is privately owned. You further advise that such improvements are permitted under federal law and regulations. To address the issue, the Town has offered to allow the improvements to be constructed within the public right-of-way and connected to the LWC system for water feed. The improvements would remain owned by the Town and would be leased to LWC for ninety-nine years. In consideration of the lease, LWC would agree to operate and maintain the fire line improvements and to make them available to the local fire department for fire fighting purposes.
Based upon the foregoing, you have requested our opinion as to the legality of this arrangement.
Implicitly, this inquiry must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalManagement Agency, 439 So.2d 399 (La. 1983). This office has construed the "legal obligation" requirement referred to in theCity of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinion Nos. 92-543, 92-494, 92-402, 92-204.
Also pertinent is La. Const. Art. VII, Sec. 14(C), which provides that "[f]or a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other". We are also guided by the Court's decision in Guste v. NichollsCollege Foundation, 564 So.2d 682 (La. 1990), wherein a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation with a commitment to assist the Federation in carrying out its constitutional and legal duties".
It is the opinion of this office that the Town of Lecompte can enter into an arrangement with Louisiana Water Company, as outlined above, and that such an arrangement does not violate La. Const. Art. VII, Sec. 14. Rather, Lecompte's proposed lease and agreement with Louisiana Water Company, which will result in improved fire protection for the Town and its people, appears to be in the nature of constitutionally sanctioned cooperative endeavor. The Town of Lecompte has an obvious interest in the health and safety of its citizens, and the provision of adequate fire protection within the Town. In our opinion, the fact that Louisiana Water Company may also benefit from the arrangement by improvement of its water system, does not obviate the public purpose of the arrangement.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RELEASED: August 10, 2001